# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DENISE A. OWENS, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-16-181-KEW
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Denise A. Owens (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 24 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a grocery bagger and store laborer/stocker. Claimant alleges an inability to work beginning January 30, 2013 due to limitations resulting from cerebral palsy, degenerative disc disease, depression, hip pain, weakness, and leg pain.

**Procedural History**

On January 23, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 17, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Bernard Porter in McAlester, Oklahoma. By decision dated September 15, 2014, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review on March 15, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

properly evaluate, consider, and weigh the medical evidence; (2) reaching a flawed RFC; and (3) performing an improper credibility determination.

### Consideration of the Medical Evidence

In his decision, the ALJ found Claimant suffered from the severe impairments of cerebral palsy and degenerative disc disease of the lumbar spine. (Tr. 28). The ALJ determined Claimant retained the RFC to perform sedentary work, in that she could lift/carry up to ten pounds occasionally and five pounds frequently. The ALJ determined Claimant must be allowed to change positions briefly for three to four minutes at a time every 30 minutes, was limited to occasional use of foot controls, could occasionally climb ramps and stairs, but could never climb ladders, ropes, or scaffolds. Claimant was limited to frequent balancing, stooping, and crouching. According to the ALJ, Claimant could occasionally kneel and climb ramps and stairs, but could never crawl. Claimant could not work around unprotected heights or moving mechanical parts. She must avoid any environments where there are temperature extremes. Due to episodic symptomatology, Claimant may be off task for up to five percent of the day. (Tr. 30).

After consultation with a vocational expert, the ALJ found

5

Claimant could perform the representative jobs of credit card call out operator, election clerk, and surveillance system monitor, all of which were found by the ALJ to exist in sufficient numbers in both the national and regional economies. (Tr. 35). As a result, the ALJ determined Claimant was not disabled from January 30, 2013 through the date of the decision. Id.

Claimant contends the ALJ failed to evaluate and weigh all of the medical opinions appearing in the record. Specifically, Claimant alleges the ALJ failed to consider the opinion of Dr. David G. Malone, a treating physician. Dr. Malone examined Claimant in 2014 and found she had negative straight leg raising but positive Patrick's sign testing bilaterally. Her motor strength was 5/5 in the deltoid, biceps, triceps, wrist flexor, wrist extensor and intrinsics. She was 5/5 in the hip flexor and quadriceps but her dorsiflexor and plantar flexors were slightly weak. She could not heel walk but could toe walk. Claimant walked with a broad-based spastic type gait. Dr. Malone diagnosed Claimant with low back pain and possible spondylolisthesis and spondylolysis. He recommended further CT and MRI scans. (Tr. 420).

On February 6, 2014, Dr. Malone concluded that Claimant had a grade I, almost grade II spondylolisthesis and bilateral

spondylolysis at L5-S1. He recommended "surgical therapy due to her weakness." (Tr. 418). The ALJ referenced Dr. Malone's findings in his decision but did not specifically weigh the opinion or consider the effect upon Claimant's ability to engage in basic work activity. He merely dismissed the conclusion, finding Claimant "has not followed up with him since that time." (Tr. 31).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Defendant claims that the opinions rendered by Dr. Malone were not statements of functional limitation which needed to be addressed by Claimant. The opinions clearly pertain to functional matters such as walking and pain which should have been weighed and specifically addressed by the ALJ.

Claimant also contends the ALJ failed to weigh and consider

8

the opinion of Dr. Jack Weaver, another treating physician, in the decision. However, the only finding which Claimant contends should have been evaluated by the ALJ is that Dr. Weaver "allow[ed] her to do activity as she can tolerate." (Tr. 409). This is not the type of opinion evidence which lends itself for evaluation by the ALJ and need not to have been specifically addressed in the functional assessment.

Claimant asserts that the ALJ only partially considered and addressed the opinion of Dr. Jack Howard, a consultative examiner. The ALJ noted Dr. Howard's examination findings that Claimant "had a slightly limited range of motion throughout her spine, as well as mild kyphosis and increased lordosis." He concluded, however, that she was not tender to palpation in any region and "a neurological evaluation was entirely normal." (Tr. 31). Among Dr. Howard's assessments, he found Claimant had "[o]ngoing problems with lifting due to persistent lumbar lordosis, increased pain in the lumbar spine." (Tr. 336). Claimant also exhibited diminished hip extension, flexion, and abduction bilaterally and reduced abduction, adduction, and forward elevation of her shoulders bilaterally. (Tr. 337-38).

These limitations would appear to have more than a minimal effect upon Claimant's ability to engage in basic work activity and

should have been addressed by the ALJ in his evaluation of the medical evidence. Salazar v. Barnhart, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d))(The ALJ must evaluate every medical opinion in the record, and he will consider several factors in deciding the weight that should be given to any medical opinion). Also, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider the totality of the evidence offered by Dr. Howard.

**Step Four and Five Assessment**

Claimant contends the ALJ failed to include the mild limitations in concentration, persistence, or pace in the hypothetical questioning of the vocational expert. The ALJ found Claimant's depression was non-severe because it did not cause more than a minimal limitation in Claimant's ability to perform basic mental work activities. (Tr. 28). He included a limitation for being off task for up to five percent of the day "[d]ue to episodic symptomatology" in both the questioning of the vocational expert and the RFC. (Tr. 30, 69).

Presumably, Claimant references the mild limitation in concentration, persistence, or pace that the ALJ found at step

10

three. (Tr. 28). The social security ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' ... criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Soc. Sec. R. 96-8p. The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013). The ALJ was not required to mirror the limitation at step four and five.

As for the inclusion of a five percent off task, the ALJ should explain the basis for including this limitation. This Court is unsure whether it was included to address Claimant's non-severe depression or some other condition which he was considering. Since the case is to be remanded on other bases, the ALJ should clarify this finding in any future decision. This might include ordering a consultative mental examination, if the limitation is in place to address her mental condition.

In a rather jumbled argument with little support offered, Claimant suggests that she could not perform any of the three representative jobs identified by the vocational expert and adopted

11

by the ALJ because she can only perform simple tasks. The three jobs identified by the expert and ALJ require a reasoning level of three which exceeds Claimant's mental ability to work. Claimant offers little to no evidence to support this restrictive of an RFC based upon her mental condition. The RFC need only include such limitations as the medical record substantially supports. *See* Arles v. Astrue, 438 Fed.Appx. 735, 740 (10th Cir. 2011). The ALJ did not err in failing to include additional mental limitations in the RFC or in identifying jobs with a reasoning level of three.

Claimant also contends the jobs identified do not exist in sufficient numbers since the combined numbers in the regional economy total 482. The multi-factor analysis for assessing whether a job exists in sufficient numbers espoused in Trimiar v. Sullivan, 966 F.2d 1326 (10th Cir. 1992) is inapplicable in cases such as this one where the ALJ evaluated both the numbers in the regional and national economies. Raymond v. Astrue, 2009 WL 4799960, 4 n.2 (10th Cir.).

The Tenth Circuit in Trimiar did establish that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." Trimiar at 1330. Rather, an ALJ must explicitly set forth a discussion of the factors identified above

12

in determining that the number of jobs a claimant can do exist in significant numbers and an ALJ's finding is sufficient if the record supports a conclusion that the ALJ used a common sense approach in "weighing the statutory language as applied to a particular claimant's factual situation." Johnson v. Colvin, 2014 WL 4215557, 3 (W.D. Okla.). Since the jobs existed in sufficient numbers in the national economy, the analysis has been satisfied. *See*, Rogers v. Astrue, 2009 WL 368386, 4 (10th Cir.)(testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability).

**Credibility Determination**

On remand, the ALJ should consider the testimony of accommodation provided by Claimant's prior employer in evaluating her credibility.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings**.

IT IS SO ORDERED this 19th day of September, 2017.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE