**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DENISE A. OWENS,            )
                            )
            Plaintiff,      )
                            )
v.                          ) Case No. CIV-16-181-KEW
                            )
NANCY A. BERRYHILL, Acting  )
Commissioner of Social      )
Security Administration,    )
                            )
            Defendant.      )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25). By Order and Opinion entered September 19, 2017, this Court reversed the decision of the Commissioner to deny Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Plaintiff seeks attorney's fees for 32.80 hours of time expended by her attorney at the stipulated fee rate for a total request of $6,351.70 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. She also contends the amount requested is excessive and unreasonable and requests a reduction in the amount awarded, should her position be determined to not be substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. <u>Hadden v. Bowen</u>, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. <u>Id</u>. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." <u>Id</u>. at 566 n.2.

Clearly, Plaintiff constituted the prevailing party in accordance with this Court's decision. The Commissioner contends her position with regard to the ALJ's consideration of the opinions of Drs. Malone and Howard were substantially justified and that the ultimate finding of limitation was supported by these physicians' opinions. In the briefing of the case, the Commissioner argued that these opinions did not contain source statements of functional limitations which the ALJ was required to consider. As noted in

this Court's opinion, the ALJ appeared to give only passing consideration to the findings of these physicians - findings which clearly affected Plaintiff's ability to engage in basic work activity. Substantial justification in the position to the contrary was not present. This Court notes that the Commissioner's positions were upheld in a number of areas but this does not vitiate Plaintiff's right to EAJA fees.

The Commissioner also contends the fees requested were excessive, largely based upon the relatively short medical record of 472 pages. Application of a mechanical formula requiring an comparative analysis of the reasonableness of the fee request to the size of the record does not find support in the case authority. A review of the fee request finds it to be within the outer limits of reasonable considering the issues presented.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25) is hereby **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $6,351.70. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d

575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 16th day of January, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE